DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the judgment of the Lucas County Court of Common Pleas which, following a plea of no contest, found appellant, Ricky J. Dombrowsky, guilty of one count of breaking and entering, in violation of R.C. *Page 2 2911.13(B), a felony of the fifth degree. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} Appellant was sentenced on June 20, 2006[1], to serve five years of direct community control to be monitored by the Lucas County Adult Probation Department and was ordered to: (1) pay restitution in the amount of $1,000 within one year; (2) seek and maintain gainful full-time employment with verification; (3) abide by the law and stay within the state of Ohio unless otherwise granted permission by the court and/or his supervising probation officer; (4) be committed to the Lucas County Work Release Program for a period of six months without violations; (5) submit to random urinalysis with all negative results; and (6) pay costs of supervision, confinement, assigned counsel, and prosecution. The trial court informed appellant at his sentencing hearing that if he violated "any of these conditions of community control or [left] the state without permission of [his] supervising probation officer, * * * [he would] serve 12 months in prison."
 {¶ 3} Upon appellant's request for a two day stay, he was released on his own recognizance to retrieve a duffel bag of clothing from a friend. The trial court stayed execution of appellant's sentence until June 23, 2006, at which time the work release portion of his sentence was ordered to begin. Appellant failed to appear on June 23, 2006, and a capias was ordered for his arrest. Appellant was arrested on July 6, 2006. In *Page 3 
a July 11, 2006 judgment entry, having admitted to a community control violation, appellant's previous sentence imposing community control was revoked and he was ordered to serve a 12 month prison term. Appellant was given credit for time served. Having found that appellant did not have, or would not reasonably have the means to pay the costs of confinement, the trial court waived appellant's costs.
 {¶ 4} On appeal, appellant raises the following assignments of error:
 {¶ 5} "Assignment of Error I: The sentence imposed violated Dombrowsky's Eighth Amendment rights against cruel and unusual punishment.
 {¶ 6} "Assignment of Error II: Dombrowsky's plea was not entered knowingly and competently."
 {¶ 7} With respect to his first assignment of error, appellant argues that he "should have never been released for a week so he could wander the streets of Toledo looking for a duffle bag of clothes" because he was not likely to report for work release as required due to the fact that he "was homeless, had previously failed to appear, had medical problems and apparently abused narcotics." Appellant asserts that the severity of his punishment for violating community control was "shocking," and suggests that the trial court should have addressed "his homelessness and other issues through a revised community control" or incarceration at Corrections Center of Northwest Ohio ("CCNO"). Appellant argues that the trial court's sentence violates his Eighth Amendment right to be free of cruel or unusual punishment, and that "[t]he sentence imposed is both degrading and shocking" because appellant "was not disrespectful towards the trial court and it is *Page 4 
not even clear from the record below that he even understood what he had done." Appellant requests that his sentence be vacated and that he be given "the original six months at CCNO with credit for time served."
 {¶ 8} Eighth Amendment violations are rare. State v. Weitbrecht
(1999), 86 Ohio St.3d 368, 371, citing McDougle v. Maxwell (1964),1 Ohio St.2d 68. Generally, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment.McDougle at 69; and State v. Russell (Mar. 31, 1997), 6th Dist. No. L-96-335. The Ohio Supreme Court has held that punishments which are prohibited by the Eighth Amendment "are limited to torture or other barbarous punishments, degrading punishments unknown at common law, and punishments which are so disproportionate to the offense as to shock the moral sense of the community" McDougle at 69. See, also, State v.Chaffin (1972), 30 Ohio St.2d 13, paragraph three of the syllabus. "Cases in which cruel and unusual punishments have been found, are limited to those involving sanctions which under the circumstances would be considered shocking to any reasonable person" and "almost unthinkable in a civilized society." McDougle at 69-70. For example, the United States Supreme Court held that defendant's Eighth Amendment rights were violated when he was sentenced to 15 years hard and painful labor for making a false entry in a public and official document, without proof of intent to defraud or receive personal gain. Weems v. United States
(1910), 217 U.S. 349, 30 S.Ct. 544. The United States Supreme Court also found that making drug addiction a criminal offense, even though the defendant had never touched any narcotic drug within the state, violated *Page 5 
defendant's Eighth Amendment rights. Robinson v. California (1962),370 U.S. 660, 82 S.Ct. 1417.
 {¶ 9} In this case, the trial court's imposition of a 12 month prison term was within the range set forth by R.C. 2929.14. Contrary to appellant's assertion, the record clearly demonstrates that appellant was instructed and understood that he was supposed to report for work release on June 23, 2006, or he would be found in violation of the terms of his community control and be sent to prison. Rather than reporting to work release on June 23, 2006, when appellant allegedly could not secure his clothing items, he chose to remain at large for several weeks. There is no evidence to suggest that appellant's sentence was degrading or so disproportionate to the offense as to shock the conscience of the community. Accordingly, we find appellant's sentence was not cruel and unusual. Appellant's first assignment of error is therefore found not well-taken.
 {¶ 10} Appellant argues in his second assignment of error that his plea was not entered knowingly and competently. Specifically, appellant argues that he "entered his no contest plea believing that he would receive a sentence of community control" and, "[although the trial court explained he could receive a prison sentence for failing to report as required, it is unlikely [appellant] fully understood the proceedings." Appellant asserts that even though there is a presumption he was competent, "[h]e believes the record below supports that he was not competent."
 {¶ 11} With respect to the question as to whether appellant's plea was knowingly, intelligently and voluntarily entered, our review of the plea colloquy reveals that the trial *Page 6 
court meticulously performed its duties in conformity with Crim.R. 11. Appellant is presumed competent to stand trial, pursuant to R.C.2945.37(G), and the record in this case clearly demonstrates that appellant understood the nature of the proceedings and was advised by counsel from the outset. Appellant expressed himself well on the record and engaged in a number of relevant and meaningful discussions with the court. Accordingly, we find appellant's second assignment of error not well-taken.
 {¶ 12} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., and Arlene Singer, J., CONCUR.
[1] The judgment entry of sentence was journalized on June 21, 2006. 2. *Page 1